**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MENARD, INC., )<br>      Cross-Claimant, )<br>)<br>v. )<br>)<br>DIETRICH INDUSTRIES, INC., )<br>      Cross-Defendant ) | Cause No.: 2:11-CV-320-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion of Cross-Defendant, Dietrich Industries, Inc., to Dismiss Cross-Claim [DE 37], filed on July 3, 2013. Cross-claimant Menard filed a response on July 17, 2013.

### I. Background

This case began on July 29, 2011, when James Caine filed a complaint in the Lake County, Indiana, Superior Court against Menard and Dietrich. He alleged personal injury from a package of metal studs he bought at a Menard's store in Hammond, Indiana. Menard removed the case to the Northern District of Indiana under a theory of diversity jurisdiction. On February 7, 2012, Menard filed a cross-claim against Dietrich for indemnification, defense, and breach of contract based on a "Conditions of Order" document. That agreement also provided that Menard was to submit to the jurisdiction of the Eau Claire County, Wisconsin, Circuit Court.

Mr. Caine eventually settled and the Court dismissed his claim, leaving only the cross-claim between Menard and Dietrich. Dietrich's motion urges the Court to relinquish its pendant jurisdiction and dismiss Menard's Cross-Claim.

## II. Analysis

This Court's jurisdiction over the cross-claim is based on 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over pendant state-law claims. A district court may decline to exercise its jurisdiction if—as here—it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011). Indeed, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims" when the federal claims are dismissed before trial. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

There are three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). Both parties agree that neither the first nor the third exceptions apply.

The Court of Appeals for the Seventh Circuit has counseled against remand when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)); *see also Dargis*, 526 F.3d 981, 990–91 (7th Cir. 2008). Although the Court has spent significant resources in managing this case for the last two years, it has addressed neither the merits of Mr. Caine's personal injury nor of Menard's cross-claim. The great bulk of judicial work thus remains. Dismissal is hence appropriate.

## III. Conclusion

In light of these reasons, the Court **GRANTS** the Motion of Cross-Defendant, Dietrich

Industries, Inc., to Dismiss Cross-Claim [DE 37] and **DISMISSES without prejudice** Menard's Crossclaim [DE 19]. As there are no claims remaining in this case, the Court **DIRECTS** the Clerk of Court to mark this case as closed.

SO ORDERED this 15th day of October, 2013.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record